UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEBASTIAN GONZALEZ,

               Plaintiff,

   v.

BRUCE DAMMEIER,

               Defendants.

Case No. C18-5895-RJB-TLF

ORDER TO SHOW CAUSE

Plaintiff commenced the instant action in Pierce County Superior Court on August 31, 2018, alleging violations of his federal constitutional rights under 42 U.S.C. §1983, Title II of the Americans with Disabilities Act (ADA), and several state laws. Dkt. 1-2. Plaintiff's claims arise from a fall he allegedly sustained on July 8, 2015, while in custody at Pierce County Jail. *Id.*; Dkt. 13.

Plaintiff names the following defendants: Pierce County Executives Bruce Dammeier and Pat McCarthy, County of Pierce, Pierce County Sheriff's Department, Pierce County Jail, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T. Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy #96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15, Correct Care Solutions, LLC. Dkts. 1-2, 13. The case was removed to federal court on November 2, 2018. Dkt. 1.

ORDER TO SHOW CAUSE - 1

Defendants Bruce Dammeier, Pierce County and Correct Care Solutions LLC's (CCS) filed motions dismiss (Dkts. 11, 12). Plaintiff subsequently filed an amended complaint (Dkt. 13). By separate report and recommendation the undersigned has recommended granting defendants motions in part and dismissing all federal claims as barred by the statute of limitations. The undersigned has further recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against these defendants.

However, the Court notes that it appears none of the other (non-moving) named defendants have been served or appeared in this case and plaintiff's time to effect service has expired. Furthermore, in reviewing the complaint it appears to the Court that plaintiff's federal claims against the remaining defendants are also barred by the statute of limitations. *See* 28 U.S.C. 1915A. Accordingly, as discussed below, plaintiff's is directed to, no later than **April 19, 2019**: (1) show cause why his federal claims with respect to the remaining defendants should not be dismissed as barred by the statute of limitations; and (2) file proof of service or show good cause for his failure to effect service against the remaining defendants pursuant to Fed. R. Civ. P 4(m), or face dismissal of these claims without prejudice.

**A. Statute of Limitations - 28 U.S.C. 1915A**

The Prison Litigation Reform Act ("PLRA") obligates the Court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A. Under this provision, the Court may sua sponte dismiss any prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks damages from defendants who are immune. *Id.*; *Resnick v. Hayes,* 213 F.3d 443, 446 (9th Cir. 2000). "A claim may be

dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted); *see Belanus v. Clark*, 796 F.3d 1021, 1024-27 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part because prisoner's complaint, on its face, appeared to be time-barred), *cert. denied*, 137 S. Ct. 109 (2016).

A complaint must be timely filed. Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) *superceded by statute on other grounds,* Judicial Improvements Act of 1990, Pub.L. No. 101–650, 104 Stat. 5114, *as recognized in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 377–80, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Similarly, the statute of limitations for ADA claims is three years. *Knight v. Washington State Department of Corrections*, 147 F.Supp.3d 1165, 1169–70, (W.D. Wash. 2015); *Singley v. Aacres/Aalvest*, LLC, 2010 WL 5138476, at *2, n.1 (W.D. Wash. Dec. 10, 2010) (dismissing ADA claim as barred by the statute of limitations because "analogous state law is governed by RCW 4.16.080, which provides a three year statute of limitations on personal injury actions.").

Federal law determines when a civil rights claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under federal law a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two*

*Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, plaintiff filed his original complaint on August 31, 2018. Dkt. 1. Plaintiff's original and amended complaint alleges federal statutory and constitutional violations related to a fall he sustained at Pierce County Jail on July 8, 2015, and medical treatment he received as a result of the fall up until July 14, 2015. Dkts. 1, 13. Thus, plaintiff's federal claims accrued, at the latest, on July 8, 2015, and July 14, 2015, and the statute of limitations expired three years later on July 8, 2018, and July 14, 2018, over a month before plaintiff filed his original complaint.

Accordingly, plaintiff must also show cause no later than **April 19, 2019**, why his federal claims should not be dismissed with respect to defendants Pat McCarthy, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T. Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy #96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15, for failure to state a claim based upon the expiration of the statute of limitations.

### B. Rule 4(m)

Plaintiff filed the complaint in this case in Pierce County Superior Court on August 31, 2018. Dkt. 1. The case was removed to this court on November 2, 2018. *Id.* The time for serving the summonses and complaint upon any defendants who were not served prior to removal expired on January 31, 2018, 90 days after the case was removed. *See* Dkt. 6; Fed. R. Civ. P. 4(l), 4(m); 28 U.S.C. §1448. At this time no proof of service appears to have been filed with

1  respect to defendants: Pat McCarthy, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T. Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy #96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15. *See* Dkt. 1.

Accordingly, plaintiff is also ordered to file proof of service, or show good cause for failure to effect service, no later than **April 19, 2019**, or the Court will recommend plaintiff's complaint against these defendants be dismissed without further notice pursuant to Fed. R. Civ. P. 4(m).

Dated this 4th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge