UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEBASTIAN GONZALEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>BRUCE DAMMEIER, et al.,<br><br>                Defendants. | Case No. C18-5895-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **May 3, 2019** |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Theresa L. Fricke. Plaintiff has brought suit alleging federal claims under 42 U.S.C. § 1983 as well as various state law claims against defendants arising from a fall he allegedly sustained on July 8, 2015, while in custody at Pierce County Jail. Dkts. 1-2, 13. This matter is before the Court on defendants' Bruce Dammeier and Pierce County's motion to dismiss (Dkt. 11), defendant Correct Care Solutions LLC's (CCS) motion to dismiss (Dkt. 12), and plaintiff's subsequent filing of an amended complaint (Dkt. 13).

Having considered defendants' motions to dismiss in light of and as applied to the amended complaint, the undersigned recommends that defendants' motions be granted in part. The undersigned recommends that plaintiff's federal claims (claims 1-4 and the portion of claim 6 alleging violations of the ADA of the amended complaint) be dismissed with prejudice as against defendants Bruce Dammeier, Pierce County, and CCS, as barred by the statute of limitations. The undersigned further recommends that the Court decline to exercise supplemental

REPORT AND RECOMMENDATION - 1

jurisdiction over the remaining state law claims alleged in the amended complaint against defendants Bruce Dammeier, Pierce County, and CCS, and that those claims be dismissed without prejudice. The Court also recommends defendants Pierce County Jail and the Pierce County Sheriff's Department be dismissed as they are departments of Pierce County and not separate legal entities with the capacity to be sued.[1]

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff commenced the instant action in Pierce County Superior Court on August 31, 2018, alleging violations of his federal constitutional rights under 42 U.S.C. §1983, Title II of the Americans with Disabilities Act (ADA), and several state laws. Dkt. 1-2. Plaintiff names the following defendants: Pierce County Executives Bruce Dammeier and Pat McCarthy, County of Pierce, Pierce County Sheriff's Department, Pierce County Jail, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T. Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy #96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15, Correct Care Solutions, LLC. Dkts. 1-2, 13. The case was removed to federal court on November 2, 2018. Dkt. 1.

Plaintiff alleges he suffers from multiple sclerosis (MS) and, as a result, has extreme difficulty walking, impaired mobility and dexterity, and that his disability/condition is obvious to

---

[1] Washington courts have repeatedly held that "[i]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Broyles v. Thurston County,* 147 Wash.App. 409, 427–428, 195 P.3d 985 (2008); *see* RCW 36 .01.010; *Foothills Development Co. v. Clark County Board of Commissioners,* 46 Wash.App. 369, 377, 730 P.2d 1369 (1986); *see also Nolan v. Snohomish County,* 59 Wash.App. 876, 883, 802 P.2d 792 (1990). Here, Pierce County Jail and The Pierce County Sheriff's Department are merely departments of the County and as such are not legal entities subject to suit. *See, e.g., Mays v. Pierce County*, 2015 WL 5102600, * at 3 (W.D. Wash., Aug. 28, 2015) (dismissing Pierce County Jail and the Pierce County Sheriff's Department on the ground that they are not separate legal entities capable of being sued).

REPORT AND RECOMMENDATION - 2

1  any reasonable person. Dkt. 1-2, at 5; Dkt. 13, at 5. Plaintiff alleges the jail was aware of his

2  diagnosis and that it was noted when he was first booked into jail on June 12, 2015. *Id.*

3        Plaintiff alleges from June 12-15, 2015, he was housed on the lower tier of the jail,

4  assigned a lower bunk, and authorized wheelchair transportation. *Id.*, at 5. Plaintiff contends he

5  was released on bond but rearrested pre-trial on July 1, 2015, due to an electronic home

6  monitoring violation. *Id.* Plaintiff contends upon his re-arrest, despite his protest due to his health

7  condition, he was placed in a cell on the second tier of the jail. *Id.*, at 6. Plaintiff contends he was

8  forced to walk up and down a full flight of stairs in order to get to and from meals and social

9  areas. *Id.*

10        Plaintiff alleges that on or about July 8, 2015, he fell down the stairs while returning his

11  meal tray to the main floor. *Id.* He alleges there were no other jail employees on the floor at the

12  time but that several inmates witnessed the fall and yelled "man down." *Id.* He alleges Deputy

13  Cherry responded and escorted him to the booking nurse via wheelchair. *Id.* He asserts that CCS

14  held the contract for healthcare with the jail at the time of the fall and that it destroyed all of the

15  records it held or otherwise disposed of them when its contract with Pierce County Jail was later

16  terminated. *Id.*, at 6-7.

17        Plaintiff states he was in extreme pain as a result of the fall but was not transported to

18  another medical care facility. *Id.* He indicates that after the fall he was relocated to the lower tier

19  and a lower bunk. *Id.* Mr. Dammeier also alleges he was released from jail on July 14, 2015, and

20  thereafter sought medical care at Valley Medical Center, Highline Hospital and Swedish Medical

21  Center. *Id.*, at 8. Plaintiff alleges "as a proximate cause of the failure to properly classify, house,

22  and supervise [him], he suffered extremely exacerbated pain and suffering, serious trauma, and

23  post-traumatic stress and anxiety from this event." *Id.*

Plaintiff's original complaint alleges five federal law claims (claims 1-4, and 6) and four state law claims (claims 5, and 7-9). Dkt. 1-2. On November 8, 2018, defendants Pierce County and Bruce Dammeier moved to dismiss the original complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 11. The same day defendant CCS also filed a motion to dismiss pursuant to 12(b)(6) in addition to joining in defendants Pierce County's and Bruce Dammeier's motion to dismiss. Dkt. 12.

On November 26, 2018, plaintiff filed an amended complaint re-alleging the first nine causes of action alleged in the original complaint; adding a jury trial demand; supplementing the recitation of facts to indicate he had filed kites regarding his placement on the second floor and that the jail failed to preserve those records; and adding allegations that plaintiff was treated at Sound Mental Health after his fall. *Id.* Plaintiff also added new state law claims: violation of Revised Code of Washington (RCW) 49.60 (added to the existing sixth cause of action); negligence (as a tenth cause of action); and spoliation (as an eleventh cause of action). Dkt. 13. The amended complaint is otherwise identical to the original complaint. *See* Dkts. 1-2 and 13.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the Court must accept all the allegations contained in a complaint as true, the Court should not accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While a complaint should be liberally construed, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

Although a statute-of-limitations assertion is an affirmative defense, a defendant may raise a motion to dismiss based on the defense if the running of the limitations period is apparent

REPORT AND RECOMMENDATION - 5

on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

### I.    Federal Claims Barred by Statute of Limitations

Defendants Pierce County, Bruce Dammeier, and CCS, move to dismiss plaintiff's federal claims as barred by the statute of limitations. Dkts. 11, 12. Plaintiff's federal claims allege his July 8, 2015, fall and resulting injuries were due to: unsafe accommodations in violation of the Fourteenth Amendment Due Process Clause; failure to train and supervise correctional officers "relating to their interactions with and supervision of people with disabilities" in violation of the Fourteenth Amendment; "fail[ure] to adequately screen [plaintiff] … note his disability or keep records thereof" in violation of the Fourteenth and Eighth Amendments; failure to provide adequate medical care in violation of the Eighth Amendment; and failure to accommodate his disability in violation of Title II of the Americans with Disabilities Act (ADA). Dkt. 1-2, at 8-12; Dkt. 13, at 8-12.

A complaint must be timely filed. Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) *superceded by statute on other grounds,* Judicial Improvements Act of 1990, Pub.L. No. 101–650, 104 Stat. 5114, *as recognized in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 377–80, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Similarly, the statute of limitations for ADA claims is three years. *Knight v.*

1   *Washington State Department of Corrections*, 147 F.Supp.3d 1165, 1169–70, (W.D. Wash.

2   2015); *Singley v. Aacres/Aalvest*, LLC, 2010 WL 5138476, at *2, n.1 (W.D. Wash. Dec. 10,

3   2010) (dismissing ADA claim as barred by the statute of limitations because "analogous state

4   law is governed by RCW 4.16.080, which provides a three year statute of limitations on personal

5   injury actions.").

6   Federal law determines when a civil rights claim accrues. *Two Rivers v. Lewis*, 174 F.3d

7   987, 991 (9th Cir. 1999). Under federal law a claim accrues when the plaintiff knows or has

8   reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128

9   (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two

10  Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on

11  the time period in which the complained of acts occurred, not on the time period in which the

12  consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209

13  (9th Cir. 1979).

14  The Court also applies the forum state's law regarding equitable tolling for actions

15  arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

16  permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).

17  "The predicates for equitable tolling are bad faith, deception, or false assurances by the

18  defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

19  tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

20  neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

21  Here, with the exception of his claim of inadequate medical care, plaintiff first learned of

22  the alleged injuries giving rise to his claims on July 8, 2015, when he fell down the stairs at the

23  Pierce County Jail. Plaintiff's claim of inadequate medical care accrued, at the latest, on July 14,

1  2015, when he was released from Pierce County Jail and was no longer being treated at the
2  facility.
3     Thus, plaintiff's federal claims accrued on July 8, 2015, and July 14, 2015, at the latest;
4  absent tolling, the statute of limitations expired three years later on July 8, 2018, and July 14,
5  2018. Plaintiff did not file his complaint until August 31, 2018. Dkt. 1-2. Plaintiff argues his
6  federal claims are timely because they are based upon his underlying claim for damages under
7  state law and therefore the "waiting period mandated by Washington Law [under RCW
8  4.96.020] applies" and served to toll the federal statute of limitations. Dkt. 14, at 7-8.
9     When a party wishes to commence a tort action for damages against a local government
10 entity in Washington, the party must first "present" the tort claim to that entity. RCW
11 4.96.020(2)-(4). A party cannot commence the action until 60 days after presenting the claim.
12 RCW 4.96.020(4).
13    The applicable statute of limitations period is "tolled during the sixty calendar day
14 period." RCW 4.96.020(4); *see Boston v. Kitsap Cty.*, 852 F.3d 1182, 1189 (9th Cir. 2017) (if a
15 plaintiff timely submits a claim under RCW 4.96.020, "his statute of limitations is automatically
16 three years and 60 days"). It is important to recognize, "because RCW 4.96.020 is a 'special
17 statute of limitations,' and not a 'tolling statute,' RCW 4.96.020 only applies to state claims."
18 *A.T. v. Everett School District*, 300 F.Supp.3d 1234, 1253 (W.D. Wash. Jan. 9. 2018) *quoting*
19 *Boston*, 852 F.3d at 1188–89; *see Boston*, 852 F.3d at 1189 ("RCW 4.96.020 does not operate to
20 toll the state's general [three-year] residual limitations period applicable to § 1983 actions.").
21 Therefore RCW 4.96.020 does not serve to extend the three-year statutory period for plaintiff's
22 federal claims. Plaintiff does not argue or present evidence that any other basis exists to toll the
23
24
25

REPORT AND RECOMMENDATION - 8

1  statute of limitations for his federal claims -- the Court finds plaintiff's federal claims are
2  untimely.
3      The Court recommends that defendants' motions to dismiss be granted with respect to
4  plaintiff's federal claims (claim numbers 1-4, and the ADA portion of plaintiff's claim number 6
5  of the amended complaint) -- and the claims against defendants Pierce County, Bruce Dammier,
6  and CCS, should be dismissed with prejudice -- because they are barred by the statute of
7  limitations.[2]

## II. State Law Claims

    Plaintiff also brings state law claims against defendants for violation of RCW 49.60, negligent infliction of emotional distress, respondeat superior[3], negligence and spoliation. Dkt. 13, at 12-17.

    A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40; *see Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 n. 3 (9th Cir.1997) (suggesting that a district court may, but need not, decide sua sponte whether to continue

---

[2] Because the Court finds plaintiff's federal claims are barred by the statute of limitations, it does not reach defendants' other arguments for dismissal of plaintiff's federal claims.

[3] Plaintiff appears to plead respondeat superior as a separate cause of action in his original and amended complaint. Dkt. 13. Defendants argue, in part, that respondeat superior is not properly pled as a separate stand-alone state law claim. Dkt. 11. However, for the reasons explained in more detail below in this section, the Court need not reach this question.

1    exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims
2    have been dismissed).

3        Although the court is not required to dismiss the supplemental state law claims, "in the
4    usual case in which all federal-law claims are eliminated before trial, the balance of factors to be
5    considered under the pendent jurisdiction doctrine—judicial economy, fairness, convenience,
6    and comity—will point toward declining to exercise jurisdiction over the remaining state-law
7    claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court may also
8    decline to exercise supplemental jurisdiction if the state law claim substantially predominates
9    over the claim or claims over which the district court has original jurisdiction (*see* 28 U.S.C.
10   §1367(c)(2)) or, in exceptional circumstances, where there are other compelling reasons for
11   declining jurisdiction (*see* 28 U.S.C. §1367(c)(4)).

12       Because the Court is recommending dismissal of all of plaintiff's federal claims against
13   defendants Pierce County, Bruce Dammeier, and CCS as barred by the statute of limitations, the
14   Court recommends declining supplemental jurisdiction over plaintiff's state law claims against
15   those defendants. *See, e.g., Ismail v. County of Orange*, 917 F.Supp.2d 1060 (C.D. Cal., Oct. 18,
16   2012) (declining to exercise supplemental jurisdiction over state law claims against county
17   defendant because all federal claims against that defendant had been dismissed); *Zazzali for*
18   *DBSI Private Actions Trust v. Alexander Partners, LLC*, 2015 WL 13640265 (D. Idaho, 2015);
19   (declining to exercise supplemental jurisdiction over state law claims against several defendants
20   because all federal claims against the specific defendants had been dismissed); *see San Pedro*
21   *Hotel Co. Inc., v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998) (holding district
22   court need not provide an explanation for dismissal of state claims where it is based on the
23   dismissal of all claims over which the district court has original jurisdiction, or where the state

24
25

REPORT AND RECOMMENDATION - 10

1 law claim substantially predominates over the claim or claims over which the district court has
2 original jurisdiction).

3   Furthermore, as discussed in more detail below, and addressed in a separate order to
4 show cause, to the extent plaintiff's amended complaint alleges federal claims against the
5 remaining named defendants, those defendants do not appear to have been served and those
6 claims also appear, on the face of the complaint, to be barred by the statute of limitations. Thus,
7 even viewing the action as a whole, it appears to the Court that plaintiff's state law claims
8 substantially predominate over plaintiff's federal law claims, and the Court should decline to
9 exercise supplemental jurisdiction over the state law claims for this reason as well. *See* 28 U.S.C.
10 §1367(c)(2).

11   These circumstances -- in which all federal claims have been dismissed against all
12 defendants who have been served and appeared in the action and where the statute of limitations
13 likely bars the federal claims against the remaining defendants -- appear to the Court to
14 constitute another compelling reason under 28 U.S.C. §1367(c)(4) to decline to exercise
15 supplemental jurisdiction over the plaintiff's state law claims against defendants Pierce County,
16 Bruce Dammeier and CCS. *See* 28 U.S.C. §1367(c)(4). The remaining state law claims in
17 plaintiff's amended complaint against defendants Pierce County, Bruce Dammeier and CCS, are
18 more appropriately addressed in state court. *See United Mine Workers of America v. Gibbs,* 383
19 U.S. 715, 726, 86 S.Ct. 1130 (1966) ("Needless decisions of state law should be avoided [by
20 federal courts] both as a matter of comity" and to promote "a surer-footed reading of applicable
21 law.").

22   Accordingly, the Court recommends declining to exercise supplemental jurisdiction and
23 dismissing plaintiff's state law claims against defendants Pierce County, Bruce Dammeier and

1  CCS without prejudice. Plaintiff is, of course, free to re-file these claims in state court, subject to
2  the tolling provisions of 28 U.S.C. § 1367(d).[4]

**III.   The Remaining Defendants**

The Court notes that there are several other defendants named in plaintiff's original and amended complaint but it appears those defendants have not yet been served and plaintiff's time to effect service has expired. *See* Dkt. 1; Fed. R. Civ. P. 4(m). And it appears from the face of the complaint that the federal claims against the remaining defendants are also barred by the statute of limitations. Accordingly, by separate order, the Court has directed the plaintiff to: (1) show cause why, to the extent plaintiff alleges federal claims against the remaining defendants, those claims should not be dismissed as barred by the statute of limitations (*see* 28 U.S.C. 1915A); and (2) file proof of service, or show good cause for failure to effect service, or his claims will be subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m).

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court grant defendants' motions to dismiss (Dkts. 11, 12) in part and dismiss plaintiff's federal claims against defendants Bruce Dammeier, Pierce County, and CCS (claims 1-4, and the portion of claim 6 alleging ADA violations) from the amended complaint with prejudice as barred by the

---

[4] Title 28 U.S.C. § 1367(d) provides that when a federal court declines supplemental jurisdiction over a state-law claim, the limitations period for that claim "shall be tolled while the claim is pending" in federal court "and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Thus, where section 1367(d) applies, the period during which a plaintiff's state-law claims were pending in federal court will not be subtracted from the applicable State limitations period. The Supreme Court has held that the section 1367(d) tolling provision applies to claims against political subdivisions of States (i.e., counties and municipalities), *see Spector v. Norwegian Cruise Line, Ltd.,* 545 U.S. 119, 141, 125 S.Ct. 2169, 162 L.Ed.2d 97 (2005) (citing *Jinks v. Richland County,* 538 U.S. 456, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003)), but not to claims against non-consenting States, *see Spector,* 545 U.S. at 141, 125 S.Ct. 2169 (citing *Raygor v. Regents of Univ. of Minnesota,* 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002)).

statute of limitations. The undersigned also recommends that the Court decline to exercise supplemental jurisdiction over the remaining state law claims alleged against defendants Bruce Dammeier, Pierce County, and CCS; those claims should be dismissed *without* prejudice. Finally, the Court recommends defendants Pierce County Jail and the Pierce County Sheriff's Department be dismissed from the action with prejudice, as they are departments of Pierce County and not separate legal entities with the capacity to be sued.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **May 3, 2019**, as noted in the caption.

Dated this 4th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13