UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEBASTIAN GONZALEZ,<br><br>                Plaintiff,<br>  v.<br><br>BRUCE DAMMEIER,<br><br>                Defendants. | Case No. C18-5895-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **May 17, 2019** |

Plaintiff commenced the instant action in Pierce County Superior Court on August 31, 2018, alleging violations of his federal constitutional rights under 42 U.S.C. §1983, Title II of the Americans with Disabilities Act (ADA), and several state laws. Dkt. 1-2. Plaintiff's claims arise from a fall he allegedly sustained on July 8, 2015, while in custody at Pierce County Jail. *Id.*; Dkt. 13.

Plaintiff names the following defendants: Pierce County Executives Bruce Dammeier and Pat McCarthy, County of Pierce, Pierce County Sheriff's Department, Pierce County Jail, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T. Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy #96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15, Correct Care Solutions, LLC. Dkts. 1-2, 13. The case was removed to federal court on November 2, 2018. Dkt. 1.

Defendants Bruce Dammeier, Pierce County, and Correct Care Solutions LLC's (CCS) filed motions dismiss (Dkts. 11, 12). Plaintiff subsequently filed an amended complaint (Dkt. 13). By separate report and recommendation the undersigned has recommended granting defendants motions in part and dismissing all federal claims as barred by the statute of limitations. Dkt. 21. The undersigned has further recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against these defendants and dismiss those claims without prejudice. *Id.*

By order dated April 4, 2019, the Court noted that it appeared that none of the other (non-moving) named defendants had been served or appeared in the case and that plaintiff's time to effect service had expired. Dkt. 20. Furthermore, the Court noted that in reviewing the complaint it appeared the plaintiff's federal claims against the remaining defendants were also barred by the statute of limitations. *See* 28 U.S.C. 1915A. Accordingly, the Court directed plaintiff to, no later than April 19, 2019: (1) show cause why his federal claims with respect to the remaining defendants should not be dismissed as barred by the statute of limitations; and (2) file proof of service or show good cause for his failure to effect service against the remaining defendants pursuant to Fed. R. Civ. P 4(m), or face dismissal of these claims without prejudice.

To date, plaintiff has failed to file proof of service, show cause why his claims should not be dismissed, or otherwise respond in any way to the Court's April 4, 2019, order.

"[T]he district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). Yet a district court should not dismiss a complaint with prejudice unless it has first considered options that are less drastic. *Hearns v. San Bernadino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008).

### A. Statute of Limitations - 28 U.S.C. 1915A

The Prison Litigation Reform Act ("PLRA") obligates the Court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A. Under this provision, the Court may sua sponte dismiss any prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks damages from defendants who are immune. *Id.*; *Resnick v. Hayes,* 213 F.3d 443, 446 (9th Cir. 2000). "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted); *see Belanus v. Clark*, 796 F.3d 1021, 1024-27 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part because prisoner's complaint, on its face, appeared to be time-barred), *cert. denied*, 137 S. Ct. 109 (2016).

A complaint must be timely filed. Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) *superceded by statute on other grounds,* Judicial Improvements Act of 1990, Pub.L. No. 101–650, 104 Stat. 5114, *as recognized in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 377–80, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). The statute of limitations for ADA claims is three years. *Knight v. Washington State Department of Corrections*, 147 F.Supp.3d 1165, 1169–70, (W.D. Wash. 2015); *Singley v.*

REPORT AND RECOMMENDATION - 3

1   *Aacres/Aalvest*, LLC, 2010 WL 5138476, at *2, n.1 (W.D. Wash. Dec. 10, 2010) (dismissing

2   ADA claim as barred by the statute of limitations because "analogous state law is governed by

3   RCW 4.16.080, which provides a three year statute of limitations on personal injury actions.").

4       Federal law determines when a civil rights claim accrues. *Two Rivers v. Lewis*, 174 F.3d

5   987, 991 (9th Cir. 1999). Under federal law a claim accrues when the plaintiff knows or has

6   reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128

7   (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two

8   Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on

9   the time period in which the complained of acts occurred, not on the time period in which the

10  consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209

11  (9th Cir. 1979).

12      Here, plaintiff filed his original complaint on August 31, 2018. Dkt. 1. Plaintiff's original

13  and amended complaint alleges federal statutory and constitutional violations related to a fall he

14  sustained at Pierce County Jail on July 8, 2015, and medical treatment he received as a result of

15  the fall up until July 14, 2015. Dkts. 1, 13. Thus, plaintiff's federal claims accrued, at the latest,

16  on July 8, 2015, and July 14, 2015, and the statute of limitations expired three years later on July

17  8, 2018, and July 14, 2018, over a month before plaintiff filed his original complaint.

18      The Court provided plaintiff with an opportunity to show cause why his federal claims

19  against these defendants should not be dismissed for failure to state a claim and he has failed to

20  do so. *See* Dkt. 20. Accordingly, the Court recommends plaintiff's federal claims against

21  defendants Pat McCarthy, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John

22  Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T.

23  Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy

24

25

#96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15, be dismissed with prejudice for failure to state a claim based upon the expiration of the statute of limitations. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (district court did not abuse its discretion when it dismissed with prejudice because the plaintiff did not cure deficiencies in the complaint despite the district court's previous specific instructions about the possible ways to address those deficiencies); *Fid. Fin. Corp. v. Fed. Home Lona Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

The Court notes that plaintiff also alleges state law claims against these defendants raised as claims for relief 5, 7, 8, 9, 10, 11, and the portion of claim 6 alleging a violation of RCW 49.60.[1] Dkt. 13. Because the undersigned is recommending dismissal of all of plaintiff's federal claims, the undersigned also recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against these defendants, and that those claims should be dismissed without prejudice. *See Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well.); *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 n. 3 (9th Cir.1997) (suggesting that a district court may, but need not, decide sua sponte whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).[2]

---

[1] Specifically, plaintiff's amended complaint raises state law claims related to violations of RCW 49.60, 70.02.005, 70.02.080, 40.14.05, 42.56.550, 40.14.050, 42.56.550, negligent infliction of emotional distress, respondeat superior, negligence, and spoliation. Dkt. 13.

[2] Title 28 U.S.C. § 1367(d) provides that when a federal court declines supplemental jurisdiction over a state-law claim, the limitations period for that claim "shall be tolled while the claim is pending" in federal court "and for a period of 30 days after it is dismissed unless State law provides for a longer tolling

REPORT AND RECOMMENDATION - 5

**B. Rule 4(m)**

Plaintiff filed the complaint in this case in Pierce County Superior Court on August 31, 2018. Dkt. 1. The case was removed to this court on November 2, 2018. *Id.* The time for serving the summonses and complaint upon any defendants who were not served prior to removal expired on January 31, 2018, 90 days after the case was removed. *See* Dkt. 6; Fed. R. Civ. P. 4(l), 4(m); 28 U.S.C. §1448.

Plaintiff has failed to file proof of service or show good cause for failure to effect service in compliance with Fed. R. Civ. P. 4(m) in response to this Court's order with respect to defendants: Pat McCarthy, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T. Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy #96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15. *See* Dkt. 1.

Due to the plaintiff's failure to effectuate service, the undersigned recommends (in the alternative) that all claims against these defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

## CONCLUSION

Based upon the foregoing discussion, the undersigned recommends the federal claims against defendants Pat McCarthy, Acting Sergeant(s) of Pierce County Jail (from 7/8/15-present) John Doe(s), Pierce County Sheriff's Deputy N. Lee #01-052, Pierce County Sheriff's Deputy T. Dickerson #96-086, Pierce County Sheriff's Deputy Deflippis, Pierce County Sheriff's Deputy

---

period." Thus, the statute of limitations for state law claims in cases involving supplemental jurisdiction is suspended for the duration of federal proceedings plus, at least, thirty days after dismissal. *See Artis v. District of Columbia*, 138 S.Ct. 594 (2018).

#96-016, Pierce County Sheriff's Deputy #05-004, Pierce County Jail Clinic Staff members who treated plaintiff for injuries on 7/8/15, be dismissed with prejudice for failure to state a claim based upon the statute of limitation. The undersigned recommends the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against these defendants and that those claims should be dismissed without prejudice. Alternatively, the undersigned recommends that all claims against these defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate service.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **May 17, 2019**, as noted in the caption.

Dated this 26th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7